UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

RICHARD FRATERRIGO,

      Plaintiff,

  -against-

AKAL SECURITY, INC.

      Defendants.
----------------------------------------------------------x

**ECF CASE**

**COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY**

**06 CV 9861**

**(SHS) (MHD)**

   Plaintiff, RICHARD FRATERRIGO, by his attorney, LAW OFFICE OF COSTANTINO

FRAGALE, alleges for his complaint as follows:

   1.  Mr. Richard Fraterrigo is 75 years old and worked as a security court officer

("CSO") at the United States Marshall Service ("USMS") since 1984.  In 1998, plaintiff entered

into a contract to work for defendant, Akal Security Corp. ("Akal") as a CSO at the United Stated

District Court, Southern District of New York, located at 40 Foley Square, New York, New

York; and remained employed through Akal at the USMS until plaintiff was terminated on or

about June 3, 2004.  Upon information and belief, Akal is a corporation with offices in Santa

Cruz, New Mexico and Kingwood, Texas.  Upon information and belief, Akal conducts business

in New York State on a regular basis by providing ongoing security services through its

employees.  Prior to plaintiff's unwarranted termination, at all times relevant herein, he had

performed his job satisfactorily and never been subject to any disciplinary action.  Mr. Fraterrigo

was terminated by Akal on the basis of: (a) his age and (b) actual or perceived disability.  In so

doing, defendant discriminated against plaintiff in violation of the Americans with Disabilities

Act, 42 U.S.C. § 12111 et seq. ("ADA"), the Age Discrimination in Employment Act of 1967, 29

U.S.C. § 621, et seq. ("ADEA").  New York Executive Law Section 290, et seq. ("NYSHRL")

and the New York City Administrative Code Section 8-107 ("NYCHRL").

2.      This action seeks compensatory damages, back-pay, front-pay, punitive damages,

liquidated damages, reasonable costs, attorney's fees and experts' fees for the discrimination

suffered by plaintiff as a result of defendant' actions.

THE PARTIES AND JURISDICTION

3.      Mr. Richard Fraterrigo resides in Bronx County, New York 10468.

4.      Upon information and belief, Akal is a corporation headquartered in Texas and

conducts business on an a regular basis in New York by providing security services for the

United States District Court, Southern District of New York.

5.      Upon information and belief, at all times relevant to this action, Akal employed

over 25 people.

6.      Plaintiff has been discriminated against by defendant because of his age, actual

and/or perceived disability.

7.      Pursuant to the NYCHRL, prior to commencement of this action, plaintiff served

a copy of this complaint upon the New York City Commission on Human Rights and

Corporation Counsel for New York City.

8.      Jurisdiction over the federal claims is invoked pursuant to 28 U.S.C. Section 1331

and 28 U.S.C. Section 1343(a)(4).  Federal jurisdiction arises under the laws of the United States,

namely, the ADA and the ADEA.  Furthermore, this Court has diversity jurisdiction under 28

U.S.C. 1332.  This action involves parties who are citizens of different states and the amount in

2

controversy exceeds the sum or value required by this Court, exclusive of interest or costs.   The Court has supplemental jurisdiction over the remaining causes of action pursuant to 28 U.S.C. Section 1367.

9.      The discriminatory conduct complained of herein were suffered by plaintiff in the Southern District of New York.  Consequently, all of the discriminatory acts complained of herein occurred within the State of New York, and in this judicial district in particular.

FACTS

11.     Plaintiff was employed by Akal as a CSO, from October 1998 to June 2004.

12.     At all times relevant to this action, plaintiff performed his job competently and satisfactorily.

13.     In or about March 2003, plaintiff had to take a medical leave of absence to undergo cancer treatment and returned to his work duties in August 2003.  On or about September 18, 2003, a doctor from the U.S. Marshall's office examined Mr. Fraterrigo's hearing and stated that Mr. Fraterrigo had a hearing impairment and that he needed further testing to determine if he met the medical requirements for a CSO.  On or about March 15, 2004, Mr. Fraterrigo had further testing done by Rong Wang and found that although plaintiff had some hearing loss, he met the requirements to maintain his position as a CSO.

14.     By letter dated June 3, 2004, which was transmitted to plaintiff via facsimile on June 4, 2004, defendant terminated plaintiff's employment because he allegedly suffered from a significant hearing loss.

15.     Plaintiff's hearing loss did not render him unfit to work as CSO.  Furthermore, upon information and belief, the rules promulgated by USMS require further testing with hearing

aides when a CSO is found to have a hearing impairment.  Defendant failed to further test

plaintiff with a hearing aide or otherwise give plaintiff the opportunity to submit medical proof

that he was fit to perform the essential functions of his duties as a CSO.

16.     Defendant terminated plaintiff based on his disability or perceived disability.

Plaintiff's hearing loss can be ameliorated with a hearing aide or other reasonable

accommodations.

17.     Plaintiff filed a charge of discrimination with the Equal Employment Opportunity

Commission ("EEOC") within 300 days of the alleged discriminatory conduct.  The EEOC

determined that reasonable cause exists to believe that defendant subjected plaintiff to

discrimination based on his disability and perceived disability in violation of Title I of the ADA.

The EEOC issued a right to sue letter prior to the commencement of this action which was

commenced within 90 days thereafter.

FIRST CAUSE OF ACTION: AGAINST
AKAL IN VIOLATION OF THE ADA

18.     Plaintiff repeats and realleges paragraphs 1 through 17, above.

19.     Plaintiff suffers from a hearing loss in both ears.

20.     Defendant perceived plaintiff as significantly impaired in his major life activity of

hearing.

21.     At all times relevant to this action, defendant never accorded plaintiff the

opportunity to prove that he met the requirements promulgated by the USMS, notwithstanding

plaintiff had performed his work duties satisfactorily until the day he was terminated on June 4,

2004.

4

22.     At all times relevant to this action, defendant failed to further test plaintiff with a hearing aide as required by the USMS or otherwise provide any reasonable accommodations to plaintiff.

23.     At all times relevant to this action defendant refused to take any other remedial actions that would have allowed plaintiff to perform his work duties.

24.     Defendant engaged in discriminatory practices with malice and/or reckless indifference to plaintiff's federally protected civil rights.

25.     Defendants discriminated against plaintiff on the basis of his actual or perceived disability, in violation of the ADA.

26.     As a result, plaintiff has been damaged by the acts of Akal and is entitled to attorney's fees, expenses, and any other equitable relief as the court deems appropriate.

### SECOND CAUSE OF ACTION: AGAINST AKAL IN VIOLATION OF THE NYSHRL FOR DISCRIMINATION ON THE BASIS OF DISABILITY

27.     Plaintiff repeats and realleges paragraphs 1 through 26, above.

28.     The NYSHRL prohibits discrimination in employment on the basis of age, race, creed, color, national origin, sex, marital status or disability, and defines "disability" as follows:

> (a) a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or (b) a record of such impairment or (c) a condition regarded by others as such an impairment... .

N.Y. Exec. Law Section 292(21).

29.     Plaintiff's hearing loss is a disability within the meaning of N.Y. Exec. Law Section 292(21). In the alternative, plaintiff was regarded by defendants as a disability within the

meaning of N.Y. Exec. Law Section 292(21).

30.     Plaintiff was capable of performing his work duties with or without accommodations.

31.     Plaintiff's actual or perceived disability was a motivating factor, and made a difference, in defendant' decision to take adverse employment actions against plaintiff including, without limitation, his employment termination.

32.     Plaintiff has been damaged as a result the acts of Defendant and is entitled to statutory damages in an amount to be determined at trial, including without limitation, compensatory damages, back-pay, front-pay, punitive damages, reasonable costs, attorney's fees, experts' fees and other such relief as the Court deems appropriate.

THIRD CAUSE OF ACTION:
AGAINST AKALIN VIOLATION OF THE NYCHRL FOR
DISCRIMINATION ON THE BASIS OF A DISABILITY

33.     Plaintiff repeats and realleges paragraphs 1 through 32, above.

34.     The NYCHRL prohibits discrimination in employment on the basis of age, race, creed, color, national origin, gender, disability, marital status, sexual orientation, alienage and citizenship. The NYCHRL Section 8-102(16) defines "disability" as a physical, medical, mental, psychological impairment or history of such impairment.

35.     Plaintiff's medical condition was and is a disability within the meaning of the NYCHRL.  In the alternative, plaintiff was regarded by defendant as having a disability within the meaning NYCHRL.

36.     The decision by defendant to take adverse employment actions against plaintiff including, without limitation, plaintiff's termination on the basis of her actual or

6

perceived disability, constitutes unlawful discrimination in violation of the NYCHRL.

37.     Plaintiff's actual or perceived disability was a motivating factor, and made a difference to, defendant's decision to take adverse employment actions against plaintiff.

38.     Plaintiff has been damaged as a result of the acts of defendant and is entitled to statutory damages in an amount to be determined at trial, including without limitation, compensatory damages, back-pay, front-pay, punitive damages, reasonable costs, attorney's fees, experts' fees and other such relief as the Court deems appropriate.

**FOURTH CAUSE OF ACTION: AGAINST AKAL**
**IN VIOLATION OF THE ADEA**
**FOR DISCRIMINATION ON THE BASIS OF AGE**

39.     Plaintiff repeats and realleges paragraphs 1 through 38, above.

40.     At all times relevant hereto, plaintiff was qualified for the position of CSO, and performed his job duties satisfactorily.

41.     Plaintiff's age was a motivating factor, and made a difference in defendant's decision to terminate plaintiff.

42.     Defendant violated the ADEA, with knowing and/or reckless disregard of the ADEA's prohibition against discrimination.

43.     Plaintiff has been damaged as a result of the acts of defendant, and is entitled to statutory damages in an amount to be determined at trial, including without limitation, back-pay, front-pay, liquidated damages, reasonable costs, attorney's fees, experts' fees and such other relief as the Court deems appropriate.

7

FIFTH CAUSE OF ACTION: AGAINST AKAL
IN VIOLATION OF THE NYSHRL AND NYCHRL
FOR DISCRIMINATION ON THE BASIS OF AGE

44.     Plaintiff repeats and realleges paragraphs 1 through 43, above.

45.     Plaintiff's age was a motivating factor, and made a difference in defendant's decision to terminate plaintiff.

46.     Defendant violated the NYSHRL and NYCHRL, with knowing and/or reckless disregard of the NYSHRL's and NYCHRL's prohibition against discrimination.

47.     Plaintiff has been damaged as a result of the acts of defendant, and is entitled to statutory damages in an amount to be determined at trial, including without limitation, back-pay, front-pay, liquidated damages, reasonable costs, attorney's fees, experts' fees and such other relief as the Court deems appropriate.

WHEREFORE, plaintiff prays that judgment be entered:

I. On the First Cause of Action,, awarding plaintiff damages in an amount to be determined at trial, including without limitation, compensatory damages, back-pay, front-pay, punitive damages, reasonable costs, attorney's fees and experts' fees;

II. On the Second Cause of Action, awarding  plaintiff damages in an amount to be determined at trial, including without limitation, compensatory damages, back-pay, front-pay, punitive damages, reasonable costs, attorney's fees and experts' fees;

III. On the Third Cause of Action, awarding  plaintiff damages in an amount to be determined at trial, including without limitation, compensatory damages, back-pay, front-pay, punitive damages, reasonable costs, attorney's fees and experts' fees;

IV. On the Fourth Cause of Action, awarding  plaintiff damages in an amount to be

determined at trial, including without limitation, compensatory damages, back-pay, front-pay, punitive damages, reasonable costs, attorney's fees, and experts' fees;

      V.  On the Fifth Cause of Action, under awarding  plaintiff damages in an amount to be determined at trial, including without limitation, compensatory damages, back-pay and front-pay, punitive damages, reasonable costs, attorney's fees, and experts' fees.

Dated: Eastchester, New York
       October 17, 2006

                    LAW OFFICES OF COSTANTINO FRAGALE

                    By: _____
                          Costantino Fragale (CF 9480)
                          575 White Plains Road
                          Eastchester, New York 10709
                          (914) 337-4001